UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MASSIVEMEDIA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | 06 CV 8152 (LBS) (AJP) |
| | ) | |
| vs. | ) | **ANSWER** |
| | ) | |
| NATIONAL MEDIA SERVICES, INC., | ) | |
| ERIC DRUCKER and JAMES P. FREELEY, | ) | |
| | ) | |
| Defendants. | ) | |

### NATIONAL MEDIA SERVICES, INC. and ERIC DRUCKER'S ANSWER

Defendant, National Media Services, Inc. ("NMS"), and defendant, Eric Drucker ("Drucker" and, together with NMS, "Defendants"), through their attorneys, Cohen, Pontani, Lieberman & Pavane LLP, hereby respond to the Complaint of plaintiff Massivemedia, Inc. ("Plaintiff") as follows:

### PARTIES

1.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 of the Complaint, and therefore deny the same.

2.     Defendants admit the allegations in paragraph 2 of the Complaint.

3.     Defendants admit the allegations in paragraph 3 of the Complaint.

4.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 4 of the Complaint, and therefore deny the same.

### JURISDICTION AND VENUE

5.     To the extent that the allegations in paragraph 5 of the Complaint are legal conclusions, no response is required; however, to the extent any response is required, Defendants deny the

allegations in paragraph 5 of the Complaint, except Defendants admit that they are subject to personal jurisdiction in the Southern District of New York and venue is appropriate in the Southern District of New York.

## THE UNDERLYING FACTS

6.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 of the Complaint, and therefore deny the same.

7.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 7 of the Complaint, and therefore deny the same.

8.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 of the Complaint, and therefore deny the same.

## DRUCKER'S EMPLOYMENT

9.    Drucker denies the allegations in paragraph 9 of the Complaint, except Drucker states that Plaintiff hired him on or about July 2005 pursuant to a written offer that was sent via electronic mail ("email").  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 of the Complaint, and therefore denies the same.

10.    Drucker denies the allegations in paragraph 10 of the Complaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 10 of the Complaint, and therefore denies the same.

11.    Drucker denies the allegations in paragraph 11 of the Complaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 of the Complaint, and therefore denies the same.

12.    Drucker denies the allegations in paragraph 12 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 of the Complaint, and therefore denies the same.

13.    Defendants deny the allegations in paragraph 13 of the Complaint.

14.    Drucker admits the allegations in paragraph 14 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 of the Complaint, and therefore denies the same.

15.    Drucker denies the allegations in paragraph 15 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 of the Complaint, and therefore denies the same.

16.    Drucker denies the allegations in paragraph 16 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 16 of the Complaint, and therefore denies the same.

17.    Drucker denies the allegations in paragraph 17 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 17 of the Complaint, and therefore denies the same.

**FREELEY'S ENGAGEMENT BY PLAINTIFF**

18.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 18 of the Complaint, and therefore deny the same.

19.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 19 of the Complaint, and therefore deny the same.

20.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 of the Complaint, and therefore deny the same.

3

21.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 of the Complaint, and therefore deny the same.

22.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 22 of the Complaint, and therefore deny the same.

## THE LAUNCH OF NATIONAL MEDIA SERVICES

23.    Drucker denies the allegations in paragraph 23 of the Complaint, except Drucker admits that, on or about August 2006, he sent a notice concerning NMS via email.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 of the Complaint, and therefore denies the same, except NMS admits that Drucker, on or about August 2006, sent said notice via email.

24.    NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint, and therefore denies the same, except NMS denies that Freeley joined Drucker in NMS and states that Freeley is an independent contractor performing services for NMS.  Drucker is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 of the Complaint, and therefore denies the same.

25.    Defendants deny the allegations in paragraph 25 of the Complaint.

26.    Defendants deny the allegations in paragraph 26 of the Complaint.

27.    Defendants deny the allegations in paragraph 27 of the Complaint, except Defendants admit that certain photographs are found on NMS' web site.

28.    Defendants deny the allegations in paragraph 28 of the Complaint, except Defendatns admit that certain photographs are found on NMS' web site and appear in NMS' newsletters.

29.    Drucker denies the allegations in paragraph 29 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 29 of the Complaint, and therefore denies the same.

30.    Drucker denies the allegations in paragraph 30 of the Complaint, except Drucker admits that, on or about August 1, 2006, Drucker sent a notice concerning NMS via email. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 30 of the Complaint, and therefore denies the same, except NMS admits that Drucker, on or about August 1, 2006, sent said notice via email.

31.    Defendants deny the allegations in paragraph 31 of the Complaint, except Defendants admit that, on or about September 7, 2006, Defendants sent a notice concerning NMS via email.

32.    Drucker denies the allegations in paragraph 32 of the Complaint. NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 32 of the Complaint, and therefore denies the same.

## RESPONSE TO PLAINTIFF'S FIRST CAUSE OF ACTION

33.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 32 as if fully set forth herein.

34.    The allegations in paragraph 34 of the Complaint are legal conclusions as to which no response is required.

35.    To the extent that the allegations in paragraph 35 of the Complaint are legal conclusions, no response is required; however, to the extent any response is required, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 35 of the Complaint, and therefore deny the same.

36.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 of the Complaint, and therefore deny the same.

37.    Defendants deny the allegations in paragraph 37 of the Complaint.

38.    Defendants deny the allegations in paragraph 38 of the Complaint, except Defendants admit that, on or about September 26, 2006, they sent an email to various entities.

39.    Defendants deny the allegations in paragraph 39 of the Complaint.

40.    Defendants deny the allegations in paragraph 40 of the Complaint, except Defendants admit that on or about August 16, 2006, Plaintiff's attorney sent a letter requesting that NMS cease and desist from using certain photographs on NMS' web site.

41.    Defendants deny the allegations in paragraph 41 of the Complaint.

42.    Defendants deny the allegations in paragraph 42 of the Complaint.

## RESPONSE TO PLAINTIFF'S SECOND CAUSE OF ACTION

43.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 41 as if fully set forth herein.

44.    Defendants deny the allegations in paragraph 44 of the Complaint.

45.    Defendants deny the allegations in paragraph 45 of the Complaint.

46.    Defendants deny the allegations in paragraph 46 of the Complaint.

47.    Defendants deny the allegations in paragraph 47 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "About Us" which contains certain photographs.

48.    Defendants deny the allegations in paragraph 48 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Gallery" which contains certain photographs.

49.    Defendants deny the allegations in paragraph 49 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Why National Media Services" which contains certain photographs.

50.    Defendants deny the allegations in paragraph 50 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Contact Us" which contains certain photographs.

51.    Defendants deny the allegations in paragraph 51 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Mobile Event Marketing" which contains certain photographs and the statement "We are the industry's premiere mobile event marketing and promotion company."

52.    Defendants deny the allegations in paragraph 52 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Segway Squads" which contains certain photographs and the statement "Our segway teams can product sample as well as distribute collateral and premiums."

53.    Defendants deny the allegations in paragraph 53 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Street Theater Projections" which contains certain photographs.

54.    Defendants deny the allegations in paragraph 54 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Nightlife/Bar" which contains certain photographs.

55.    Defendants deny the allegations in paragraph 55 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Static Clings" which contains certain photographs.

56.    Defendants deny the allegations in paragraph 56 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Custom Programs" which contains certain photographs and the statements "Our custom programs get the attention of your target and creates a lasting impression" and "Our team of dedicated experts can execute your existing concept or create an exciting program based on your concept. National Media Services delivers the most successful custom campaigns in the industry."

57.    Defendants deny the allegations in paragraph 57 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Premiums" which contains certain photographs and the statement "Our trained brand ambassadors, representatives and managers are expert premium and promotional item distributors."

58.    Defendants deny the allegations in paragraph 58 of the Complaint, except Defendants admit that NMS' web site has a web page with the heading "Wild Postings" which contains certain photographs and the statement "Wild Postings take a market by storm and we can produce the wildest wild posting campaigns in the industry."

59.    Defendants deny the allegations in paragraph 59 of the Complaint, except Defendants admit that certain photographs found on NMS' web site were taken by persons other than plaintiff.

60.    Defendants deny the allegations in paragraph 60, except Defendants admit that some of NMS' advertisements and marketing claims were disseminated in interstate commerce.

61.    Defendants deny the allegations in paragraph 61.

62.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 of the Complaint, and therefore deny the same, and deny that any use by Defendants was wrongful.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

## RESPONSE TO PLAINTIFF'S THIRD CAUSE OF ACTION

66.     Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 64 as if fully set forth herein.

67.     Defendants admit the allegations in paragraph 67.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

69.     Defendants deny the allegations in paragraph 69 of the Complaint.

70.     Defendants deny the allegations in paragraph 70, except Defendants admit that some of NMS' advertisements and marketing claims were disseminated in interstate commerce.

71.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 71 of the Complaint, and therefore deny the same.

72.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 72 of the Complaint, and therefore deny the same, and deny that any use by Defendants was wrongful.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

## RESPONSE TO PLAINTIFF'S FOURTH CAUSE OF ACTION

76.     Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 74 as if fully set forth herein.

77.    Drucker denies the allegations in paragraph 77 of the Compaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 77 of the Complaint, and therefore denies the same.

78.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 of the Complaint, and therefore deny the same.

79.    As to Drucker, Drucker denies the allegations in paragraph 79, as to Freeley, Drucker is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint, and therefore denies the same.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 of the Complaint, and therefore denies the same.

80.    Drucker denies the allegations in paragraph 80 of the Compaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 80 of the Complaint, and therefore denies the same.

81.    Drucker denies the allegations in paragraph 81 of the Compaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 81 of the Complaint, and therefore denies the same.

82.    Drucker denies the allegations in paragraph 82 of the Compaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 82 of the Complaint, and therefore denies the same.

## RESPONSE TO PLAINTIFF'S FIFTH CAUSE OF ACTION

83.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 81 as if fully set forth herein.

84.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 84 of the Complaint, and therefore deny the same.

85.    Defendants deny the allegations in paragraph 85 of the Complaint.

86.    Defendants deny the allegations in paragraph 86 of the Complaint.

## RESPONSE TO PLAINTIFF'S SIXTH CAUSE OF ACTION

87.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 85 as if fully set forth herein.

88.    Defendants deny the allegations in paragraph 88 of the Complaint.

89.    Defendants deny the allegations in paragraph 89 of the Complaint.

## RESPONSE TO PLAINTIFF'S SEVENTH CAUSE OF ACTION

90.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 80 as if fully set forth herein.

91.    Defendants deny the allegations in paragraph 91 of the Complaint.

92.    As to the allegations concerning defendant Freeley, Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 92 of the Complaint, and therefore deny the same, and as to the remaining allegations of paragraph 92, Defendants deny the same.

93.    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 93 of the Complaint, and therefore deny the same.

94.    Defendants deny the allegations in paragraph 94 of the Complaint.

95.    Defendants deny the allegations in paragraph 95 of the Complaint.

## RESPONSE TO PLAINTIFF'S EIGHTH CAUSE OF ACTION

96.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 95 as if fully set forth herein.

97.    Defendants deny the allegations in paragraph 97 of the Complaint.

98.    Defendants deny the allegations in paragraph 98 of the Complaint.

## RESPONSE TO PLAINTIFF'S NINTH CAUSE OF ACTION

99.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 33 as if fully set forth herein.

100.    Drucker denies the allegations in paragraph 100 of the Complaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 100 of the Complaint, and therefore denies the same.

101.    Drucker denies the allegations in paragraph 101 of the Complaint.  NMS is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 101 of the Complaint, and therefore denies the same.

## RESPONSE TO PLAINTIFF'S TENTH CAUSE OF ACTION

102.    Defendants repeat and incorporate herein by reference each and every response contained in paragraphs 1 through 101 as if fully set forth herein, and deny the additional allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief that Plaintiff seeks in its Prayer for Relief.

Further answering Plaintiff's Complaint, Defendants assert the following defenses:

## DEFENDANTS' DEFENSES

### First Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Defense

This Court lacks subject matter jurisdiction over this matter.

### Third Defense

Plaintiff's claims are barred by equitable principles, including waiver, unclean hands, acquiescence, and estoppel.

### Fourth Defense

Plaintiff's alleged copyright is invalid.

### Fifth Defense

Plaintiff has suffered no damage on account of any conduct by Defendants.

### Sixth Defense

Defendants have not engaged in any wrongful conduct and so have not damaged Plaintiff.

### Seventh Defense

Plaintiff's fourth, fifth, sixth, seventh, and eighth causes of action are preempted by Federal law.

### Eighth Defense

Plaintiff's claims are barred in whole or in part by one or more applicable statutes of limitations.

### Ninth Defense

Any copyright infringement by the Defendants has been innocent.

### Tenth Defense

To the extent Plaintiff has any protectable copyright, any use by Defendants of Plaintiff's copyright constitutes fair use thereof.

### Eleventh Defense

In the event that Defendants are found to have infringed any rights of Plaintiff, such infringement is not and has not been willful.

### Twelfth Defense

Plaintiff authorized Drucker's charges to Plaintiff's credit card

### Thirteenth Defense

Plaintiff authorized and purchased the airline ticket referred to in paragraph 100 of the Complaint. Drucker has not used the airline ticket for any purpose.

### Fourteenth Defense

If Drucker owes any amount of monetary value to Plaintiff due to the allegations in paragraphs 100 and 101 of the Complaint, said amount is offset, in part of in full, from monies owed to Drucker by Plaintiff.

### Fifteenth Defense

Plaintiff is not entitled to any injunction.

### Sixteenth Defense

Since Defendants have not taken any protectable right owned by Plaintiff, Defendants have not competed unfairly with Plaintiff.

**Seventeenth Defense**

Plaintiff's client email list did not contain proprietary business information or constitute trade secrets of Plaintiff, therefore, any use by Defendants of Plaintiff's client email list did not constitute a violation of Plaintiff's trade secrets.

**Eighteenth Defense**

Drucker did not owe any fiduciary duties to Plaintiffs.

**Additional Defenses Upon Discovery**

Defendants reserve the right to assert any and all additional defenses as may be determined during the course of discovery.

**WHEREFORE**, Defendants respectfully requests that the Court:

a)    dismiss all of the claims in the Complaint with prejudice;

b)    award Defendants their reasonable attorneys' fees and costs incurred in connection with this action; and

c)    grant any such further relief in favor of Defendants and against Plaintiff as the Court may deem just and proper.

Dated: November 21, 2006          By: _____
                                  Martin B. Pavane (MP 4871)
                                  David P. Badanes (DB 7668)
                                  COHEN, PONTANI, LIEBERMAN & PAVANE LLP
                                  551 Fifth Avenue
                                  New York, New York 10176
                                  (212) 687-2770
                                  *Attorneys for Defendants National Media Services, Inc.*
                                  *and Eric Drucker*

## CERTIFICATE OF SERVICE

I hereby certify that on this day a complete and correct copy of **NATIONAL MEDIA SERVICES, INC. AND ERIC DRUCKER'S ANSWER** was filed with the Clerk of Court by means of the CM/ECF system, and that a courtesy copy was served via United States first class mail to the person listed below, and that the following are registered on the CM/ECF system as counsel of record designated to receive notification of such filing:

> Arthur R. Lehman
> ARTHUR R. LEHMAN, L.L.C.
> 52 Vanderbilt Avenue
> New York, New York 10017
> lehmanlawnyc@aol.com
> *Attorneys for Plaintiff Massivemedia, Inc.*

Dated: November 21, 2006