STEPHEN D. HANS & ASSOCIATES, P.C.
Stephen D. Hans, Esq. (SH-0798)
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: (718) 275-6700
*Attorneys for the Defendant James P. Freeley*


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
MASSIVEMEDIA, INC.,                        :        No. 06-CV-8152 (LBS)
                                           :
                      Plaintiff,           :
                                           :        ECF Case
            - against -                    :
                                           :
NATIONAL MEDIA SERVICES, INC.,             :
ERIC DRUCKER, and JAMES P. FREELEY,        :        **AMENDED ANSWER**
                                           :        **WITH COUNTERCLAIMS**
                                           :
                      Defendants.          :
------------------------------------------------------------ X

      Defendant, JAMES P. FREELEY, by his attorneys STEPHEN D. HANS &

ASSOCIATES, P.C. hereby answers the Complaint in this action, and asserts counterclaims

against the Plaintiff, as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 1 of the Complaint.

      2.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2 of the Complaint.

      3.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in Paragraph 3 of the Complaint.

      4.     Admits the allegations contained in Paragraph 4 of the Complaint.

      5.     Paragraph 5 of the Complaint consists of legal conclusions to which no response is

required.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Denies the allegations contained in Paragraph 18 of the Complaint.

19.     Denies the allegations contained in Paragraph 19 of the Complaint.

20.     Admits the allegations contained in Paragraph 20 of the Complaint.

21.     Denies the allegations contained in Paragraph 21 of the Complaint.

22.     Denies the allegations contained in Paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24.     Denies the allegations contained in Paragraph 24 of the Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Complaint.

27.     Denies the allegations contained in Paragraph 27 of the Complaint.

28.     Denies the allegations contained in Paragraph 28 of the Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Complaint.

30.     Denies the allegations contained in Paragraph 30 of the Complaint.

31.     Denies the allegations contained in Paragraph 31 of the Complaint.

32.     Denies the allegations contained in Paragraph 32 of the Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION
### (Copyright Infringement)

33.     Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 32 above as if fully set forth herein.

34.     Paragraph 34 of the Complaint consists of legal conclusions to which no response is required.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37.     Denies the allegations contained in Paragraph 37 of the Complaint.

38.     Denies the allegations contained in Paragraph 38 of the Complaint.

39.     Denies the allegations contained in Paragraph 39 of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41.     Denies the allegations contained in Paragraph 41 of the Complaint.

42.     Denies the allegations contained in Paragraph 42 of the Complaint.

## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION
### (Lanham Act – False Designation of Origin)

43.     Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 42 above as if fully set forth herein.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.     Denies the allegations contained in Paragraph 45 of the Complaint.

46.     Denies the allegations contained in Paragraph 46 of the Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the

- 4 -

allegations contained in Paragraph 47 of the Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62.     Denies the allegations contained in Paragraph 62 of the Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64.     Paragraph 64 of the Complaint consists of legal conclusions to which no response is required.

65.     Denies the allegations contained in Paragraph 65 of the Complaint.

<u>**AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION**</u>
<u>**(Lanham Act – False Advertising)**</u>

66.     Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 65 above as if fully set forth herein.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint consists of legal conclusions to which no response is required.

75.     Denies the allegations contained in Paragraph 75 of the Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

76.     Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 75 above as if fully set forth herein.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint.

78.     Denies the allegations contained in Paragraph 78 of the Complaint.

79.     Denies the allegations contained in Paragraph 79 of the Complaint.

80.     Denies the allegations contained in Paragraph 80 of the Complaint.

81.     Denies the allegations contained in Paragraph 81 of the Complaint.

82.     Denies the allegations contained in Paragraph 82 of the Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
### (Misappropriation of Trade Secrets)

83.    Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 82 above as if fully set forth herein.

84.    Paragraph 84 of the Complaint consists of legal conclusions to which no response is required.

85.    Denies the allegations contained in Paragraph 85 of the Complaint.

86.    Denies the allegations contained in Paragraph 86 of the Complaint.

## AS AND FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION
### (Unfair Competition)

87.    Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 86 above as if fully set forth herein.

88.    Denies the allegations contained in Paragraph 88 of the Complaint.

89.    Denies the allegations contained in Paragraph 89 of the Complaint.

## AS AND FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION
### (Tortious Interference)

90.    Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 89 above as if fully set forth herein.

91.    Denies the allegations contained in Paragraph 91 of the Complaint.

92.    Denies the allegations contained in Paragraph 92 of the Complaint.

93.    Denies the allegations contained in Paragraph 93 of the Complaint.

94.    Denies the allegations contained in Paragraph 94 of the Complaint.

95.    Denies the allegations contained in Paragraph 95 of the Complaint.

## AS AND FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION
### (Unjust Enrichment)

96.    Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 95 above as if fully set forth herein.

97.    Denies the allegations contained in Paragraph 97 of the Complaint.

98.    Denies the allegations contained in Paragraph 98 of the Complaint.

## AS AND FOR AN ANSWER TO THE NINTH CAUSE OF ACTION
### (Conversion)

99.    Defendant James P. Freeley repeats and reasserts each and every one of the answers contained in Paragraphs 1 through 98 above as if fully set forth herein.

100.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 of the Complaint.

## AS AND FOR AN ANSWER TO THE TENTH CAUSE OF ACTION
### (Equitable Relief)

102.    Denies the allegations contained in Paragraph 102 of the Complaint.

103.    Denies the allegations contained in Paragraph 103 of the Complaint.

## AS AND FOR AN ANSWER TO THE PLAINTIFF'S PRAYER FOR RELIEF

104.    Denies that the Plaintiff is entitled to any of the relief sought in Plaintiff's Prayer for Relief.

### AS AND FOR A FIRST DEFENSE TO THE PLAINTIFF'S COMPLAINT

105.    Plaintiff's claims are barred by equitable principles, including waiver, unclean hands, acquiescence, and estoppel.

### AS AND FOR A SECOND DEFENSE TO THE PLAINTIFF'S COMPLAINT

106.    Plaintiff's alleged copyright is invalid.

### AS AND FOR A THIRD DEFENSE TO THE PLAINTIFF'S COMPLAINT

107.    Plaintiff's fourth, fifth, sixth, seventh, and eighth causes of action are preempted by federal law.

### AS AND FOR A FOURTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

108.    Any copyright infringement has been innocent.

### AS AND FOR A FIFTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

109.    To the extent that Plaintiff has any protectable copyright(s), any use of Plaintiff's copyright(s) constitutes a fair use thereof.

### AS AND FOR A SIXTH DEFENSE TO THE PLAINTIFF'S COMPLAINT

110.    In the event that any infringement is found, such infringement is not and has not

been willful.

## **AS AND FOR A SEVENTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

111.    Any copyright infringement has been innocent.

## **AS AND FOR AN EIGHTH DEFENSE TO THE PLAINTIFF'S COMPLAINT**

112.    Defendant Freeley reserves the right to assert any and all additional defenses as may be determined during the course of discovery.

## **AS AND FOR A FIRST COUNTERCLAIM AGAINST THE PLAINTIFF**
### **(Breach of Contract)**

113.    In or about July of 2005, the Defendant James P. Freeley ("Mr. Freeley") was hired by the Plaintiff Massivemedia, Inc. ("Massivemedia") to perform various functions including, among other things, developing certain computer and software systems, addressing computer-related issues and assisting in the resolution of information technology problems, working on existing advertising deals and also working in a sales capacity to bring in new business and revenue to the company.

114.    The terms of Mr. Freeley's employment provided for a guaranteed monthly salary of $5,000.00 and additional commissions of thirty percent (30%) for his sales efforts.

115.    During Mr. Freeley's employment, Massivemedia willfully failed to pay Mr. Freeley the agreed-upon compensation.  Specifically, Mr. Freeley never received his $5,000.00 monthly salary during the six month period of February 2006 through July of 2006, nor did he receive full compensation for certain earned sales commissions on deals with which he was involved.  Specifically, Mr. Freeley never received $7,500.00 in earned commissions during this

same time period.

116.    Throughout this approximately six-month period, Mr. Freeley continually requested the agreed-upon compensation from the principals and representatives of Massivemedia. However, all of these requests were either ignored or summarily denied, representing a willful failure by Massivemedia to pay Mr. Freeley the contractually-required wages.

117.    In or about July of 2006, Mr. Freeley ceased his employment with Massivemedia, based upon Massivemedia's failure to pay the agreed-upon wages.

118.    Plaintiff Massivemedia's offer of employment, and Mr. Freeley's acceptance of such offer, constitutes an enforceable employment contract.

119.    Plaintiff Massivemedia's willful failure to pay Mr. Freeley the agreed-upon compensation, including, but not limited to, guaranteed salary and earned commissions, constitutes a breach of such employment contract.

120.    As a result of the foregoing, Massivemedia is liable to Mr. Freeley in an amount not less than $37,500.00, with interest thereon, and costs in connection with this action.

**AS AND FOR A SECOND COUNTERCLAIM AGAINST THE PLAINTIFF**
**(Violation of New York State Law Regarding Payment of Wages)**
**(N.Y. Labor Law § 190, et seq.)**

121.    Defendant-counterclaimant repeats and realleges each and every allegation contained in paragraphs 113 – 120 above as if they were fully set forth herein.

122.    Plaintiff Massivemedia is an employer within the meaning of N.Y. Labor Law § 190(3).

123.    Mr. Freeley was an employee of Massivemedia during the period of his employment, and did not act in any executive, administrative, or professional capacities.

124.    Plaintiff Massivemedia's willful failure to pay Mr. Freeley any of the above-mentioned wages throughout his employment, in accordance with the agreed terms of employment, constitutes a violation of N.Y. Labor Law § 191.

125.    As a result of the foregoing, Massivemedia is liable to Mr. Freeley in an amount not less than $37,500.00, with interest thereon.

126.    Additionally, under N.Y. Labor Law § 198, Massivemedia is liable to Mr. Freeley for, among other things, liquidated damages in the amount of twenty-five percent (25%) of the total amount of wages due, reasonable attorney's fees, expenses (not exceeding $50.00) and costs in connection with this action.

## AS AND FOR A THIRD COUNTERCLAIM AGAINST THE PLAINTIFF
### (Quantum Meruit)

127.    Defendant-counterclaimant repeats and realleges each and every allegation contained in paragraphs 113 – 126 above as if they were fully set forth herein.

128.    In the event that no valid and enforceable contract is found to exist regarding the above-described services that Mr. Freeley provided to Massivemedia in connection with his employment, Mr. Freeley is nonetheless entitled to the reasonable value of his services rendered, with interest thereon, and costs in connection with this action.

**WHEREFORE**, Defendant-counterclaimant James P. Freeley requests judgment against the Plaintiff Massivemedia, Inc. as follows:

a.    Dismissing all of the Plaintiff's claims, with prejudice;

b.    On the First Counterclaim, for breach of contract, damages in an amount not less than

Thirty Seven Thousand Five Hundred Dollars ($37,500.00), representing unpaid

wages, with interest thereon, and costs in connection with this action;

c.   On the Second Counterclaim, for failure to pay wages in violation of N.Y. Labor Law

§ 190, <u>et seq</u>., damages in an amount not less than Thirty Seven Thousand Five

Hundred Dollars ($37,500.00) representing unpaid wages, with interest thereon, along

with liquidated damages, reasonable attorney's fees, expenses (not exceeding $50.00)

and costs in connection with this action;

d.   On the Third Counterclaim, in the event that no valid and enforceable contract is found

to exist regarding the services provided, the reasonable value of the services rendered,

with interest thereon, and costs in connection with this action; and

e.   Such other and further relief as this Court deems just and proper.

Dated: Long Island City, New York
      November 30, 2006
                  STEPHEN D. HANS & ASSOCIATES, P.C.


                By:_____/s_____
                   Stephen D. Hans (SH-0798)
                   45-18 Court Square, Suite 403
                   Long Island City, New York 11101
                   (718) 275-6700
                   *Attorneys for the Defendant James P. Freeley*