STEPHEN D. HANS & ASSOCIATES, P.C.
Stephen D. Hans (SH-0798)
45-18 Court Square, Suite 403
Long Island City, New York 11101
Tel: 718.275.6700
Fax: 718.997.0829
*Attorneys for the Defendant James P. Freeley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
MASSIVEMEDIA, INC., : No. 06-CV-8152 (LBS) (AJP)
:
         Plaintiff, :
: ECF Case
   - against - :
:
: **DEFENDANT JAMES P.**
NATIONAL MEDIA SERVICES, INC., : **FREELEY'S INITIAL**
ERIC DRUCKER, and JAMES P. FREELEY, : **DISCLOSURES PURSUANT**
: **TO FED. R. CIV. PROC. 26(A)(1)**
         Defendants. :
---------------------------------------------------------------- X

      Pursuant to *Rule 26(a)(1) of the Federal Rules of Civil Procedure*, the Defendant James P. Freeley ("Mr. Freeley") hereby makes the following initial disclosures subject to and without waiver of the attorney work product doctrine or any other privileges or protections. These disclosures reflect the current knowledge of Mr. Freeley, who hereby reserves the right to supplement, amend, correct or otherwise modify these initial disclosures pursuant to *Rule 26(e) of the Federal Rules of Civil Procedure*, as further investigation and discovery so warrant.

    1.    PERSONS WITH KNOWLEDGE

      The following are persons who are likely to have information that Mr. Freeley may use to support his defenses to the Plaintiff's claims in this action:

| *Name* | *Address and Telephone Number (if known)* | *Subject of Information* |
|---|---|---|
| Suzanne Bressler | 17 West 74th Street, New York, NY (917) 756-4672 | Former employee of the Plaintiff with knowledge of Plaintiff's commission arrangements and knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Brooke Sweet | Brooklyn, NY (917) 414-1263 (917) 923-9759 | Employee of the Plaintiff with knowledge of Plaintiff's commission arrangements and knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Cass Almendral | New York, NY (917) 623-6677 | Non-employee to whom the Plaintiff's email list was sent at Robert Rukstalis' request. |
| Chris Lukas | New York, NY (917) 363-3442 | Consultant to the Plaintiff with knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Olivier Rivest | Los Angeles, CA (917) 407-6228 | Consultant to the Plaintiff with knowledge of Plaintiff's commission arrangements and knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Dominik Pare | Montreal, Ontario, Canada (514) 995-8745 | Consultant to the Plaintiff with knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Joe Humel | New York, NY (347) 393-6816 | Consultant to the Plaintiff with knowledge that the "All" and "H&M" jobs were brought to the Plaintiff by Mr. Freeley through Mr. Freeley's own personal contacts. |
| Ari Chasin | Unknown | Consultant to the Plaintiff with knowledge that the "All" job |

|  |  | was brought to the Plaintiff by Mr. Freeley through Mr. Freeley's own personal contacts. |
|---|---|---|
| Steve Lubomski | Brooklyn, NY<br>(212) 564-9922 | Employee of H&M and family relation of Mr. Freeley with knowledge that he sent the "H&M" job to the Plaintiff through and because of Mr. Freeley's association with the Plaintiff. |
| Simon Pugh | Australia | Former employee of Mindshare with knowledge that the sent the "All" job to the Plaintiff through and because of Mr. Freeley's association with the Plaintiff. |
| Jeanne Stahlman | New Jersey<br>(917) 519-8311 | Employee of the Plaintiff with knowledge of the profits made on certain jobs, the commissions due to Mr. Freeley, and knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Brad Tenem | New York, NY<br>(917) 407-1331 | Employee of the Plaintiff with knowledge of the commission arrangement between the Plaintiff and Mr. Freeley, the profits made on certain jobs, the commissions due to Mr. Freeley, and knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |
| Robert Rukstalis | New York, NY<br>(917) 407-6656<br>(347) 200-2266 | Plaintiff's President with knowledge of the commission arrangement between the Plaintiff and Mr. Freeley, the profits made on certain jobs, the commissions due to Mr. Freeley, and knowledge that Plaintiff's email list(s) were |

| | | |
|---|---|---|
| | | openly shared with both employees and non-employees alike. |
| Valerie Williams | Birmingham, AL | Friend of Plaintiff's President Robert Rukstalis with knowledge of Rukstalis' dealings with Mr. Freeley. |
| Eric Drucker | New York, NY | Former employee of the Plaintiff with knowledge of Plaintiff's commission arrangements and knowledge that Plaintiff's email list(s) were openly shared with both employees and non-employees alike. |

Mr. Freeley's investigation concerning this case is continuing and, if additional information is obtained after the date of these disclosures, they will be supplemented according to *Rule 26(e) of the Federal Rules of Civil Procedure*.

2.   DOCUMENTS

Following is a description of all documents, electronically stored information, and tangible things that are in the possession, custody or control of Mr. Freeley that may be used to support his claims and defenses in this action:

Documents already disclosed by Mr. Freeley:

   A. Invoices from YPG Media, LLC to the Plaintiff;

   B. Email from Robert Rukstalis acknowledging the existence of a commission compensation arrangement between the Plaintiff and Mr. Freeley;

   C. Contract between the Plaintiff and H&M evidencing payment of $59,000.00 to the Plaintiff;

      D. Contract evidencing payment of $144,720.00 to the Plaintiff for the "All" jobs.

Other documents in Mr. Freeley's possession:

      A. Email communications between Mr. Freeley and various officers and employees of the Plaintiff, including Robert Rukstalis and Jeanne Stahlman;

      B. Employment agreement between Mr. Freeley and the Plaintiff;

      C. Invoices from YPG Media, LLC to the Plaintiff;

      D. Expense records from YPG Media, LLC to the Plaintiff.

Mr. Freeley's investigation concerning this case is continuing and, if additional information is obtained after the date of these disclosures, the Defendants will supplement these disclosures according to *Rule 26(e) of the Federal Rules of Civil Procedure*.

3.    DAMAGES

The following are the categories of damages claimed by Mr. Freeley under common law and New York Labor Law § 190 *et seq.*, the exact amount of each to be determined at trial. Documents that are relevant to these damages disclosures are in the possession, custody or control of the Plaintiff and will likely be obtained during discovery.

      A. Actual Damages

Under the common law and New York State Labor Law §§ 190 *et seq.*, Mr. Freeley should have received his agreed-upon commissions from the "All" and "H&M" deals which he brought to the Plaintiff and executed. Also, Mr. Freeley should have received reimbursement for expenses incurred for the period of April 12, 2006 through April 16, 2006, in the amount of $630.69.

5

    B. Liquidated Damages

Mr. Freeley also seeks liquidated damages under the New York State Labor Law §§ 190 *et seq.* Mr. Freeley is entitled to receive an additional 25% of his actual damages under the state liquidated damages provision (N.Y. Lab. L. § 198).

    C. Pre-Judgment Interest

Mr. Freeley is also entitled to receive pre-judgment interest on the above damages, calculated at the rate of 9% (NY CPLR §§ 5001 – 5004).

    D. Attorneys' Fees, Costs and Expenses

Mr. Freeley is also entitled to receive an award of his reasonable counsel fees, costs and expenses (NY Lab. L. § 198), all in amounts to be determined at trial.

4.    INSURANCE AGREEMENTS

Mr. Freeley is not aware of any insurance agreement(s) under which any insurance company may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse any party for payments made to satisfy any such judgment.

Dated: Long Island City, New York
       March 28, 2007

                                    STEPHEN D. HANS & ASSOCIATES, P.C.

                                    By: /s/
                                    Stephen D. Hans (SH-0798)
                                    45-18 Court Square, Suite 403
                                    Long Island City, New York 11101
                                    Tel: 718.275.6700
                                    *Attorneys for the Defendant*
                                    *James P. Freeley*